## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF** | ) | **CASE NO:** A10-75595-WLH |
| | ) | |
| EDGAR OBLITEY, | ) | CHAPTER 7 |
| | ) | |
| Debtor, | ) | JUDGE HAGENAU |
| | ) | |

_____

| | | |
|---|---|---|
| | ) | |
| EDGAR OBLITEY | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | ADVERSARY NO: 10-6441-WLH |
| v. | ) | |
| | ) | |
| CHASE HOME FINANCE | ) | |
| | ) | |
| Defendant. | ) | |

### OPPOSITION TO PLAINTIFF'S PETITION FOR
### TEMPORARY RESTRAINING ORDER AND MOTION FOR A TEMPORARY
### RESTRAINING ORDER

Plaintiff has not, and cannot, satisfy any of the prerequisites for obtaining a temporary restraining order. The Adversary Proceeding filed by Plaintiff against Defendant Chase Home Finance, LLC (improperly sued as Chase Home Finance) ("Chase") is fatally deficient, requiring dismissal of the entire action. As an initial matter, Plaintiff fails to state any viable claim against Chase, meaning that Plaintiff cannot establish a likelihood or success on the merits or likelihood of success on the merits. Furthermore, Plaintiff's requests are moot, as the filing of the bankruptcy petition by Plaintiff results in the automatic stay of any foreclosure proceedings against the Plaintiff absent further order of this Court. Chase, therefore, requests that the Court deny Plaintiff's Petition for Temporary Restraining Order and "motion for temporary restraining

order" (the "Motion"). (DE 4-6.) [1]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

As set forth in greater detail in Chase's Motion to Dismiss and supporting Memorandum

of Law filed in this matter (DE 11 & 12) (collectively, the "Motion to Dismiss," although

Plaintiff's Complaint contains precious little in the way of facts, and is therefore difficult to

follow, it appears to allege that Plaintiff entered into a home mortgage transaction (the "Loan")

relating to property located at 2285 Worthington Drive, Powder Springs, Georgia 30127 (the

"Property"). (Compl. at 1:15-16.) Indeed, in exchange for $192,850.00 in credit, on July 16,

2002, Plaintiff executed a Note (the "Note") and Security Deed (the "Deed") secured by the

Property in favor of Hometrust Mortgage, Inc. ("Hometrust").[2] (Deed at 1:A-2:D.) Hometrust

assigned all of its interest in the Note and Deed to Chase, and recorded this assignment on

October 04, 2002.[3] (Assignment; Compl. at 8:225-28.) When Plaintiff ultimately defaulted on

his obligations under the Note and Deed, Chase initiated foreclosure proceedings. (Compl. at

---

[1] Plaintiff filed two separate requests with this Court, one entitled "Petition for Restraining Order" (DE 4) and one which is not titled, but is styled a "motion for temporary restraining order" (DE 6). As these documents appear to request the same relief, Chase will refer to both collectively herein as the "Motion" and will respond to them as one request.

[2] A certified copy of the Security Deed Plaintiff executed in Hometrust's favor is attached to the Motion to Dismiss as Exhibit "A." The Court may take judicial notice of this document because it is a public record and is central to – and referred to throughout – Plaintiff's Complaint. *See Hennington v. Greenpoint Mortg. Funding, Inc.*, Nos. 1:09cv676, 1:09cv962, 2009 WL 1372961, *4 (N.D. Ga. May 15, 2009); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999); *Clark v. Bibb County Bd. of Educ.*, 174 F. Supp. 2d 1369, 1370 (M.D. Ga. 2001); *Brooks v. Blue Cross and Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997).

[3] A certified copy of the Assignment is attached to the Motion to Dismiss as Exhibit "B." The Court may take judicial notice of this document because it is a public record and is central to Plaintiff's Complaint. *See supra* n.1.

2:26; 6:155-56.)  On or about May 27, 2010, Plaintiff filed *pro se* for bankruptcy protection in this Court (the "Bankruptcy Proceeding").

On or about August 18, 2010, Plaintiff filed an Adversary Proceeding against Chase in this Court (the "Complaint"), in which he purports to assert approximately twenty "claims" for relief against Chase.  (*Id.*)  However, each of these claims is based on one or a combination of three theories repeated throughout Plaintiff's' Complaint:  (a) that Chase lacks standing to enforce the Note and Deed against Petitioner (Compl. at 8:207-9:243, 11:292); (b) that Chase failed to provide various disclosures to Petitioner in violation of the Truth-In-Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") (*Id.* at 11:309-13:360; 20:542-21:573; 23:633-640.); and (c) that Chase  committed fraud  by "placing" Plaintiff in a loan he could not afford and failing to disclose to Plaintiff his risk of default.  (*Id.* at 9:251-10:265; 10:271-272; 21:574-595.)  On September 17, 2010, Chase filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.[4]

In the Motion to Dismiss, Chase demonstrated that  Plaintiff's Complaint wholly fails to comport with the pleading requirements of the Federal Rules of Civil Procedure as made applicable by the Federal Rules of Bankruptcy Procedure, and, even if it did, Plaintiff's underlying allegations are entirely unsupported by the facts or the law, as demonstrated above.

---

[4] Hereinafter, Chase will refer to Fed. R. Civ. P. 12(b)(6) as made applicable to this case by Fed. R. Bank. P. 7012(b) as "Rule 12(b)(6)" or "12(b)(6)."

## II.    <u>ARGUMENT AND CITATION OF AUTHORITY</u>

Plaintiff's request for a TRO should fail.  To obtain a temporary restraining order, the moving party must establish the following:

> (1) a substantial likelihood that [the moving party] will prevail on the merits, (2) a substantial threat that [the moving party] will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to [the moving party] outweighs the threat and harm the injunction may do the [defending party], and (4) that granting the preliminary injunction will not disserve the public interest.

*U.S. v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983) (citations omitted).  The moving party has the burden of persuasion on each of these elements and the failure "to sustain this burden with regard to *any* one of the prerequisites is fatal to the motion."  *Cash Inn of Dade, Inc. v. Metro. Dade County*, 706 F. Supp. 844, 846 (S.D. Fla. 1989) (emphasis in original); *see also U.S. v. Jefferson County*, 720 F.2d 1511, 1518 (11th Cir. 1983).  As demonstrated herein, Plaintiff has not and cannot satisfy any of these requirements.

Moreover, mandatory injunctions, such as temporary restraining orders, are generally disfavored, and such relief is "subject to a heightened scrutiny and should not be issued unless the facts and law clearly favor the moving party."  *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993); *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995).  Further, injunctions are not typically allowed when there is an adequate remedy at law. *See Deerskin Trading Post, Inc. v. UPS*, 972 F. Supp. 665, 675 (N.D. Ga. 1997).

## A.    <u>Plaintiff's Request for a Temporary Restraining Order is Moot</u>

Federal court jurisdiction requires that a case "be viable at all stages of the litigation; it is not sufficient that the controversy was live only at its inception."  *Portman Overseas Mgmt. Corp. v. Seacliff Ltd.*, 148 F. Supp. 2d 1368, 1370 (N.D. Ga. 2001).  Thus, where a change in

factual circumstances obviates the need for a court to decide on a particular issue, such a question is moot and a federal court has no authority to render an opinion.  *Id.*; *BankWest, Inc. v. Baker*, 446 F.3d 1358, 1363 (11th Cir. 2006) ("A case can become moot either 'due to a change in [factual] circumstances, or … [due to] a change in the law.'")

Here, Plaintiff filed a voluntary chapter 7 bankruptcy petition in this Court on May 27, 2010.  Pursuant to 11 U.S.C. § 362(a)(1), the filing of this petition stays "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."  *See In re Laurent*, 193 Fed. App'x. 831, 832 (11th Cir. 2006) ("Upon filing for bankruptcy, an automatic stay is imposed . . . .").  As the stay imposed by § 362(a)(1) prohibits Chase from instituting foreclosure proceedings without further order of this Court, Plaintiff has, by operation of law, received the relief he seeks, and therefore, the factual circumstances of this case obviate the need for this Court to provide Plaintiff with such relief.[5]  Accordingly, Plaintiff's request is moot.

## B.    **Plaintiff Has Failed to Show a Substantial Likelihood of Success on the Merits**

Furthermore, Plaintiff's request for injunctive relief should not be issued because the facts and law do not favor Plaintiff.  *See Dahl*, 7 F.3d at 1403.  As demonstrated fully in Chase's Motion to Dismiss filed in this matter (and which is expressly incorporated herein), Plaintiff's allegations fail to state a claim for relief under any legally cognizable theory.  Further, Plaintiff's

---

[5] Chase expressly reserves the right to seek relief from the automatic stay in this matter, but has not yet sought such relief.

allegations are insufficient to meet either the Rule 8 or Rule 9(b) pleading requirements.  As such, Plaintiff cannot and has not demonstrated **any** likelihood of success on the merits.

**C.**      **Plaintiff Has Failed to Demonstrate a Substantial Threat of Irreparable Injury**

Plaintiff also has the burden to demonstrate a substantial threat of irreparable harm.  In the Eleventh Circuit, the absence of irreparable harm alone is enough to defeat a motion for preliminary injunction.  *Siegel v. LePore*, 234 F.3d 1163, 1176-77 (11th Cir. 2000).  In fact, the primary and overriding prerequisite for obtaining a preliminary injunction is the "existence of irreparable injury resulting from an inadequate remedy at law."  *Baker v. School Bd. of Marion County, Fla.*, 487 F. Supp. 380, 382 (M.D. Fla. 1980); *see also Sierra Club v. Atlanta Reg'l Comm'n*, 171 F. Supp. 2d 1349, 1357 (N.D. Ga. 2001), *citing Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1295 (11th Cir. 1990).

Because Plaintiff has wholly failed to demonstrate a likelihood of succeeding on the merits of his claims, there is no threat of irreparable injury.  As demonstrated above, Plaintiff's allegations cannot survive a motion to dismiss.  Furthermore, Chase is prohibited by the automatic stay from instituting a foreclosure against Plaintiff absent obtaining relief from the stay from this Court.  Thus, Plaintiff has already obtained the temporary relief he requests.  Moreover, if Plaintiff is able to properly and timely prove his claims, Plaintiff could seek claims for damages which would provide him with an adequate remedy at law.  *See Calhoun First Nat. Bank v. Dickens*, 443 S.E.2d 837, 838 (Ga. 1994); *Tower Fin. Svcs. v. Smith*, 423 S.E.2d 257, 262-63 (Ga. App. 1992) (holding damages resulting from wrongful foreclosure are compensable at law).  For each of these reasons, Plaintiff's request for a TRO should be denied.

D.      **The Balance of Harm Weighs in Favor of Denying Plaintiff's Requested Relief**

Because Plaintiff has failed to establish any claims against Chase, Plaintiff cannot show that "the threatened injury [to him] outweighs the threat and harm the injunction may do [to Chase]." *Lambert*, 695 F.2d at 539.  Indeed, because Plaintiff has already obtained the relief he requests, there is no possibility of harm flowing to Plaintiff by way of the Court's denial of Plaintiff's request for injunctive relief.  Accordingly, Plaintiff cannot satisfy the third element that is a prerequisite to the grant of a TRO, and his request for such relief must therefore be denied.

E.      **The Public Interest Weighs In Favor of Denying Plaintiff's Requested Relief**

It is well-established under Georgia law that the public has an interest in promoting the freedom of individuals to contract.  *Beckman v. Cox Broad. Corp.*, 250 Ga. 127, 130 (1982). Plaintiff agreed to the terms of the Loan and Security Deed, which provide Chase with the right to foreclose on the Subject Property when.  (*See* Deed; Compl.)  Accordingly, granting the relief requested by Plaintiff would disserve the public interest, and Plaintiff fails to satisfy the fourth element that is a prerequisite to the grant of a TRO.  As such, his request for relief must be denied.[6]

### III.      CONCLUSION

As demonstrated herein, Plaintiff has failed to satisfy the requirements for issuance of a temporary restraining order.  Accordingly, Plaintiff's request should be denied.

---

[6] If Chase seeks relief from the automatic stay in this matter and proves that the Plaintiff is in default pursuant to the terms of the Loan, Chase should be entitled to foreclose on the property after obtaining appropriate relief from this Court.

Respectfully submitted this 28th day of September, 2010.

WARGO & FRENCH LLP

  s/ Windy A. Hillman
SHANON J. MCGINNIS
smcginnis@wargofrench.com
Georgia Bar No. 387598
WINDY HILLMAN
whillman@wargofrench.com
Georgia Bar No. 355045
RYAN D. WATSTEIN
rwatstein@wargofrench.com
Georgia Bar No. 266019
1170 Peachtree Street, N.E.
Suite 2020
Atlanta, Georgia 30309
(404) 853-1500
(404) 853-1501 (facsimile)

*Counsel for Defendant*
*Chase Home Finance, LLC*

8

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF** | ) | **CASE NO:** A10-75595WLH |
| | ) | |
| EDGAR OBLITEY, | ) | CHAPTER 7 |
| | ) | |
| Debtor, | ) | JUDGE HAGENAU |
| | ) | |

_____

| | | |
|---|---|---|
| | ) | |
| EDGAR OBLITEY | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | ADVERSARY NO: 10-6441-WLH |
| v. | ) | |
| | ) | |
| CHASE HOME FINANCE | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

This certifies that I have this day served a true and correct copy of the within and

foregoing **OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY**

**RESTRAINING ORDER** upon Plaintiff by U.S. Mail, postage pre-paid, addressed as follows:

Edgar Oblitey, *Debtor*
2285 Worthington Dr.
Powder Springs, GA 30127

Robert B. Sillman, *Trustee*
Awtrey & Parker, PC
250 Lawrence Street
Marietta, GA 30060

Lindsay N.P. Swift
Office of the U.S. Trustee
75 Spring Street, S.W., Suite 362
Atlanta, GA 30303

9

This 28th day of September, 2010.


   s/ Windy A. Hillman_____
Windy A. Hillman